%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Synthes, Inc., Synthes USA HQ, Inc., and Synthes USA, LLC

## DEFENDANTS
Gary Collins

(b) County of Residence of First Listed Plaintiff: **Chester**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Anthony B. Haller and Michael J. Eagles, Blank Rome LLP, One Logan Square, 130 North 18th Street, Philadelphia, PA 19103

Attorneys (If Known)
The Law Office of Brian M. Garvine, LLC, 5 East Long Street, Suite 1100, Columbus, OH 43215

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332(a), 28 U.S.C. 2201

Brief description of cause:
Plaintiffs seek declaratory judgment that Defendant did not have an employment contract with Plaintiffs.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 10/20/2009
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1302 Wrights Lane East, West Chester, PA 19380

Address of Defendant: 36802 Lakeshore Boulevard, Eastlake, OH 440985

Place of Accident, Incident or Transaction: Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☑   No ☐

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☑

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☑ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Michael J. Eagles, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 10/20/2009        _____ Attorney-at-Law        PA ID # 82641   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/20/2009        _____ Attorney-at-Law        PA ID # 82641   Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| SYNTHES, INC., SYNTHES USA HQ, INC., and SYNTHES USA, LLC <br> v. <br> GARY COLLINS | CIVIL ACTION <br><br> NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

| 10/20/2009 | Michael J. Eagles | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-569-5741 | 215-832-5741 | Eagles@BlankRome.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYNTHES, INC.<br>1302 Wrights Lane East<br>West Chester, PA  19380<br><br>SYNTHES USA HQ, INC.<br>1302 Wrights Lane East<br>West Chester, PA  19380<br><br>SYNTHES USA, LLC<br>1302 Wrights Lane East<br>West Chester, PA  19380<br><br>          Plaintiffs,<br><br>v.<br><br>GARY COLLINS,<br>36802 Lakeshore Boulevard<br>Eastlake, Ohio 44095<br><br>          Defendant. | CASE NO.<br><br>**COMPLAINT** |

Plaintiffs Synthes Inc., Synthes USA HQ, Inc., and Synthes USA, LLC (collectively "Synthes"), by and through their undersigned counsel, file this Complaint against Defendant Gary Collins ("Collins") and in support thereof aver as follows:

### INTRODUCTION

1. Collins has threatened to bring legal action against Synthes, asserting, contrary to law and fact, that he had an employment contract for a definite term and that he is entitled to payment for future compensation from Synthes even though his employment with Synthes has been terminated. In this action, Synthes seeks a judgment against Collins declaring that he did

not have an employment contract because at all material times Synthes employed him on an at will basis, subject to termination at any time with or without cause. There was no contract offered by Synthes to Collins, formed between the parties, or which could be construed to exist under the applicable law. Moreover, Synthes seeks a judgment declaring that it did not breach any contractual obligation by terminating Collins' employment for performance based reasons and offering him a three month severance package in exchange for a release of claims.

**PARTIES**

2.  Synthes Inc., Synthes USA HQ, Inc., and Synthes USA, LLC are citizens of the State of Delaware and the Commonwealth of Pennsylvania, as they are Delaware corporations, each maintaining a principal place of business at 1302 Wrights Lane East, West Chester, Pennsylvania 19380. Synthes USA HQ, Inc. is a wholly-owned subsidiary of Synthes, Inc. and employs headquarters staff which support Synthes' global operations. Synthes USA HQ, Inc. is a successor in interest in certain rights and obligations of Synthes (U.S.A.), a Pennsylvania general partnership, which, effective January 1, 2009, became Synthes USA, LLC by conversion under Delaware law. Synthes USA, LLC is a wholly-owned subsidiary of Synthes USA HQ, Inc. The foregoing entities are part of the Synthes family of companies, a worldwide leader in the development, manufacturing, and marketing of medical devices. The Plaintiffs are referred to herein collectively as "Synthes."

3.  Collins is a citizen of the State of Ohio. Upon information and belief, Collins maintains his permanent residency at 36802 Lakeshore Boulevard, Eastlake, Ohio 44095.

**JURISDICTION AND VENUE**

4.  This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, as the


parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.  This Court has personal jurisdiction over Collins pursuant to Pennsylvania's long-arm statute, 42 Pa. Cons. Stat. Ann. § 5301 *et seq.*, because all of the operative employment documents from which this dispute arises were prepared, sent from, and negotiated in the Commonwealth of Pennsylvania. Furthermore, this Court has personal jurisdiction over Collins because, *inter alia*, he trained and worked at Synthes' headquarters in West Chester, Pennsylvania and, throughout his employment with Synthes, regularly communicated with Synthes' personnel in the Commonwealth of Pennsylvania and maintained continuous and systematic contact with the Commonwealth of Pennsylvania.

6.  Venue is appropriate in this judicial district, pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events and omissions giving rise to Synthes' claim occurred in this district.

**FACTS**

7.  Synthes is a public company which is traded on the Swiss stock exchange. Synthes is in the business of developing, manufacturing, and marketing medical implant devices.

8.  Robert Donohue is the Chief Financial Officer of Synthes, responsible for Synthes' financial reporting, internal controls, and related issues. Synthes' financial statements are reported on a consolidated basis.

9.  Synthes has an employee handbook applicable to all employees hired by Synthes in the United States. The handbook expressly states that the Company "retains the right to terminate an individual's employment at any time, with or without cause, and to lay off employees. Similarly, an employee has the right to resign at any time with or without notice."

10. All employees hired by Synthes in the United States are required as a condition of employment to review and to sign a form acknowledging that they received, reviewed, and understood this handbook provision.

11. All employees hired by Synthes in the United States are required to complete an application for employment. This application specifically states that the employee understands that his "employment is 'at will' and may be terminated at any time with or without cause at the option of either the Company or [himself]."

12. Synthes has a Global Service Assignment Policy which outlines the guidelines applicable to all employees who are assigned to work outside of their home country. The policy explicitly states that it "shall not be construed as constituting or creating an employment agreement or contract with the employee." The Global Service Assignment Policy provides for the involuntary termination of an employee prior to the completion of an international assignment.

13. In or about June 2008, Collins was recruited by Synthes to work for Synthes as Regional Controller, Synthes Asia Pacific. This position reports directly to Mr. Donohue, who works in Synthes' West Chester, Pennsylvania headquarters. Collins interviewed for the position in West Chester with several members of Synthes' management and Finance Department.

14. Collins was hired by Synthes as a United States ("home country") employee. On or about September 3, 2008, Collins began working for Synthes at its headquarters in West Chester. For approximately the next two months, Collins participated in an extensive training program in West Chester. The training program was administered by Synthes' employees based in West Chester.

15. Following his training in West Chester, Collins was transferred to Shanghai, China to begin his assignment supporting the Asia Pacific organization as Regional Controller, at all times reporting to Mr. Donohue in West Chester, Pennsylvania.

16. The terms of Collins' international assignment specifically stated that he remained at all times an employee of the home country, governed by home country policies.

17. Collins' international assignment was subject to the Global Service Assignment Policy, which did not create or constitute an employment agreement or contract.

18. When accepting Synthes' offer of employment, Collins, as a condition of employment, signed a form acknowledging that he received and understood the employee handbook, which advised him that he was an at will employee whose employment could be terminated at any time with or without cause.

19. Collins' employment application, which he signed, specifically stated that he understood that he was employed at will and could be terminated at any time without or without cause.

20. Throughout his recruitment to and employment with Synthes, Collins had significant, ongoing and continuous contacts with Pennsylvania, which included, *inter alia*:

    a. interviewing with a number of Synthes employees at its headquarters in West Chester, Pennsylvania;

    b. receiving and executing documents relating to his employment that were drafted and sent from Pennsylvania;

    c. negotiating the documents relating to his employment with Synthes employees based in Pennsylvania and returning the executed documents to Synthes' employees based in Pennsylvania;

    d.    working and training in Pennsylvania for a continuous period of approximately two months;

    e.    reporting directly to Mr. Donahue, who was based in Pennsylvania, throughout his employment;

    f.    having regular and ongoing contact with Synthes employees in Pennsylvania during the course of his employment; and

    g.    having regular and continuous access to and contact with documents, files and data residing on Synthes' servers in Pennsylvania during the course of his employment.

21.    In the course of the performance of his duties during his international assignment to Shanghai, Collins' actions and omissions led Mr. Donohue to lose confidence in Collins' ability to perform his critical role satisfactorily.

22.    In or about August 2009, Donohue determined it was in Synthes' best interest to terminate Collins' employment. Collins was advised of this on August 23, 2009 and offered a severance package, which was subject to Pennsylvania law.

23.    Rather than accepting the severance, Collins has threatened to sue Synthes, alleging that his offer letter, which refers to the anticipated length of his assignment in Shanghai as three to five years, creates a contract for a definite term.

24.    Collins makes this assertion notwithstanding that: his international assignment was subject to the Synthes Global Service Assignment Policy, which specifically states that the international assignment did not create or constitute an employment contract; that the Synthes Global Service Assignment Policy provides for involuntary termination prior to the completion of an international assignment; and that he was a home country employee subject to home

country policies, which he received and which unambiguously state that U.S. employees are employed at will.

25. On or about September 25, 2009, Collins threatened legal action against Synthes, including, *inter alia*, a breach of contract claim based on the language in his international assignment letter regarding the anticipated length of his international assignment.

26. Synthes has attempted to resolve this dispute amicably without success.

### COUNT I – DECLARATORY JUDGMENT

27. Synthes incorporates by reference its allegations contained in Paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. Collins has threatened to initiate legal action alleging that the language in his offer letter providing that "[t]he anticipated time period for your international assignment is 3 to 5 years" created a contractual right to employment with Synthes for 3 to 5 years and that Synthes' termination of his employment breached that right.

29. Under Pennsylvania law, there is a strong presumption of at will employment. Beyond this presumption, the language in the offer letter is insufficient as a matter of law to create an employment contract of a definite term, even in the absence of the contemporaneous documentation establishing that Synthes employed Collins at will.

30. Furthermore, under Pennsylvania law, pursuant to the clear and unambiguous language in Synthes' Global Assignment Policy, Synthes' Employment Manual, and Collins' Employment Application, Collins had no contract of employment and was employed on an at-will basis, subject to termination by Synthes at any time, with or without cause.

31. Based on the foregoing, as a matter of law and fact, Synthes seeks a judgment from this Court declaring that Collins had no employment contract of a definite term, and that Synthes was not in breach of any contractual obligation when it terminated Collins' employment

for performance reasons and offered him three months' of severance pay in exchange for a release of claims. Moreover, no contract was formed between the parties because there was not a meeting of the minds, and any such contract is void pursuant to the doctrine of mutual mistake.

32. A substantial, justiciable, and actual controversy exists between Synthes and Collins.

33. Synthes and Collins are interested parties in this matter in that they have legal interests and rights at issue.

34. Synthes is currently insecure and uncertain as to its rights, interests, status, and legal relations because of the existence of the action threatened by Collins. As a result, Synthes desires an early adjudication of its rights.

**WHEREFORE**, Synthes demands judgment in its favor and against Collins

A. For a judgment declaring that: Collins had no contract of employment for a definite term; Synthes was not in breach of any contractual obligation when it terminated Collins' employment for performance reasons and offered him three months of severance pay in exchange for a release of claims; no contract was formed between the parties because there was not a meeting of the minds; and any such contract is void pursuant to the doctrine of mutual mistake.

B. For injunctive relief as permitted by law; and

C. For all such other relief as this Court deems appropriate.

Respectfully submitted,

_____
Anthony B. Haller
Michael J. Eagles
Patricia K. Barrett
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Phone: 215.569.5690/5741/5432
Fax:    215.832.5690/5741/5432
haller@blankrome.com
eagles@blankrome.com
barrett-pk@blankrome.com

Attorneys for Plaintiff
SYNTHES, INC., SYNTHES USA HQ, INC., AND SYNTHES USA, LLC

Dated: *October 20, 2009*